Stark LIGON, as Executive Director of the Supreme Court
Committee on Professional Conduct *v.* Larry G. DUNKLIN

04-661                                                    216 S.W.3d 118

Supreme Court of Arkansas
Opinion delivered October 20, 2005

*Michael E. Harmon,* for petitioner.

*Richard Holiman,* for respondent.

PER CURIAM. Stark Ligon, Executive Director of the Committee on Professional Conduct and Larry G. Dunklin, Respondent, file a joint motion to waive briefing and for approval of the parties' agreement of sanctions in a pending disbarment proceeding against Mr. Dunklin. The special judge assigned to this case approved these proposed findings and recommendation of sanction.

The record reflects the special judge was, in some measure, persuaded by the fact that Panel A of the Professional Conduct Committee voted unanimously in favor of the agreed sanction. The special judge opined this court was not bound to accept the parties' sanction recommendation. The parties entered into a stipulation of facts on September 19, 2005. They also offered the special judge certain conclusions of law and the Model Rules alleged to have been violated. Those rules and violations included Model Rules 1.15 which provides, among other things, for the safekeeping of property and funds of clients or their persons. This includes keeping trust account records and avoiding an overdraft in such account at any time. The parties also stipulated in their agreement to the violation of Model Rule 8.4(c), which includes,

but is not limited to engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. While Rule 8.4(b) is not mentioned in the special judge's order, we note that the (b) provision provides that misconduct includes, committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer.

We are further concerned with Mr. Dunklins' alleged violation when he falsely denied under oath that he had never represented Mark Kimbrough in a criminal proceeding. The Pulaski County Circuit Court records show otherwise. Also of concern is Mr. Dunklin's mishandling of proceeds he possessed that belonged to Renee Crater ($1,000) and Doris Jean Russell ($3,000).

As pointed out by Mr. Ligon, this court's procedures regulating professional conduct does not provide for consent to discipline following the filing of a disbarment action; nor does Mr. Dunklin cite us to any such authority. This court has not provided for such a remedy, and has no plans to do so.

■ Because of the concerns we list above, we deny the parties motion to waive briefing and for approval of stipulation of sanction and return this matter to the special judge for further proceedings.